**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JULIA BRODERSON-HIXON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-09-108-D** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of

the final decision of the Commissioner of the Social Security Administration (Commissioner)

denying her applications for disability insurance benefits and supplemental security income

benefits.  Pursuant to an order entered by United States District Judge Timothy D. DeGiusti,

the matter has been referred to the undersigned Magistrate Judge for initial proceedings

consistent with 28 U.S.C. § 636(b)(1)(B).  The Commissioner has answered and filed the

administrative record (hereinafter Tr. ____).  Both parties have briefed their respective

positions and thus the matter is at issue.   For the reasons stated herein, it is recommended

that the decision of the Commissioner be reversed and the matter be remanded for further

administrative proceedings.

## I.  PROCEDURAL HISTORY

Plaintiff filed her applications for disability insurance and supplemental security

income benefits in December 2003, with a protective filing date of November 24, 2003, and

she alleges that she became disabled as of August 25, 2000, due to pain disorder, depression, panic disorder, adjustment disorder, cervical and lumbar degenerative disk disease and spondylosis, migraine headaches, lupus, hand limitations, and depression.  Tr. 56, 57-59, 272-74; Plaintiff's Opening Brief, 2-3; Commissioner's Brief, 1.  The applications were denied on initial consideration and on reconsideration at the administrative level.  Tr. 25, 26, 27-29, 32-34, 275, 276-78, 279, 280-81. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on August 1, 2005.  Tr. 35, 37, 285-310.  Plaintiff appeared in person and with her attorney, and she offered testimony in support of her applications.  Tr. 287, 288-304, 306, 309-10. A medical  expert also testified at the request of the administrative law judge.  Tr. 47, 304-08. The administrative law judge issued his decision on March 27, 2006, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that she was thus not entitled to benefits.  Tr. 13-15, 16-22.  Plaintiff then requested review of the administrative law judge's decision by the Appeals Council, which by order dated September 08, 2006, denied her request.  Tr. 5-7.

Plaintiff then appealed the decision of the administrative law judge, and Judge Tim Leonard entered an order reversing the decision and remanding it for further proceedings. Broderson v. Astrue, No. CIV-06-1233-L (W.D. Okla. Oct. 12, 2007).  The order adopted the Report and Recommendation of Magistrate Judge Gary M. Purcell, in which he found that the findings of the administrative law judge were contrary to the record, and were based on an inadequate analysis of Plaintiff's impairments and the impact of those impairments on her residual functional capacity (RFC). Broderson v. Astrue, slip op. at 8-10 (W.D. Okla.

Sept. 5, 2007) (Purcell, M.J.).  In accordance with the proceedings in this Court on appeal, the Appeals Council vacated the previous decision of the administrative law judge and directed that further action be taken in accord with the order of remand, including the opportunity for another hearing and any other action necessary to completion of the administrative record.  Tr. 353.

On August 5, 2008, another hearing was conducted before an administrative law judge. Tr. 463-493.  Plaintiff was again represented by counsel, and gave testimony in support of her applications.  Tr. 465, 473-89.  A medical expert and a vocational expert also appeared at the request of the administrative law judge, and gave testimony.  Tr. 330, 334, 466-72, 489-93.  On October 1, 2008, the administrative law judge issued a decision, again finding the Plaintiff was not under a disability at any time since the alleged onset date through the date of his decision.  Tr. 311-313, 314-23.  It is this decision that is now under review.

## II.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> [W]e[1] independently determine whether the [administrative law judge's] decision is "free from legal error and supported by substantial

---

[1]Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n. 1 (10th Cir. 1992) ("as the second-tier appellate court, a circuit court does apply the same standard of review as the district court-the standard applicable to appellate review of individual social security cases").

evidence."Although we will "not reweigh the evidence or retry the case," we "meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met."

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Our determination of whether the [administrative law judge's] ruling is supported by substantial evidence "must be based upon the record taken as a whole." Consequently, we remain mindful that "[e]vidence is not substantial if it is overwhelmed by other evidence in the record."

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted).

To determine whether a claimant is disabled, the Commissioner employs a five-step

sequential evaluation process:

Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments."An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. At step three, the [administrative law judge] considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." If a claimant's impairments are not equivalent to a listed impairment, the [administrative law judge] must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy.

Wall, 561 F.3d at 1052 (citations omitted).  The claimant bears the burden to establish a

prima facie case of disability at steps one through four.  Williams v. Bowen, 844 F.2d 748,

751 & n.2 (10th Cir. 1988).  If the claimant successfully carries this burden, the burden shifts

to the Commissioner at step five to show that the claimant retains sufficient residual

functional capacity to perform work in the national economy given the claimant's age, education, and work experience. Id. at 751.

## III.  THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In the most recent decision determining that Plaintiff was not disabled, the administrative law judge  followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920.  Tr. 315-16. He first found that Plaintiff had never engaged in substantial gainful activity. Tr. 318.  At steps two and three, the administrative law judge found that Plaintiff suffered from chronic pain and stiffness of her neck secondary to degenerative disk disease of her cervical spine, chronic pain and stiffness of her neck secondary to mild degenerative disk disease of her lumbar spinal region, history of migraine headaches, hypertension controlled by medication, and recurrent major depressive disorder (moderate), and found that these disorders were severe, but he also found that they were not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4.  Tr. 318-19.  He also found that she suffered from possible lupus and a history of ovarian mass requiring oophorectomy, but that these impairments were not severe.  Tr. 318.  The administrative law judge next found that Plaintiff had the residual functional capacity to perform semi-skilled, sedentary work, and more specifically:

> [F]or no period of 12 continuous months has the claimant been precluded from
> lifting no more than 10 pounds at a time and occasionally lifting or carrying
> article like docket files, ledgers, and small tools; sitting about 6 to 8 hours in
> an 8 hour work day; standing and/or walking about 2 hours total in an 8-hour
> work day; pushing or pulling unlimitedly except as shown for lifting and

carrying; unlimitedly performing manipulative functions; unlimitedly performing visual functions; unlimitedly performing communicative functions; unlimitedly engaging in interpersonal interactions except no more than routine interactions (occasional through frequent) with co-workers and supervisors and incidental (less than occasional) with the general public; unlimitedly understanding, remembering, and carrying out detailed and some complex job instructions; and unlimitedly performing environmental functions except no more than moderate levels of stress (such work not involving managerial or administrative decision making, supervisor duties, or high levels of distress).

Tr. 319. The administrative law judge found at step four of the sequential evaluation process that Plaintiff had no history of past relevant work. Tr. 322. At step five, using the Medical-Vocational Guidelines as a framework and the testimony of the vocational expert, he further found that a person with Plaintiff's residual functional capacity and vocational factors could perform work as a microfilm preparer, film inspector, and production worker, and that Plaintiff was therefore able to make a successful adjustment to other work that exists in significant numbers in the national economy. Tr. 322-23. Accordingly, the administrative law judge found that Plaintiff was not disabled or entitled to benefits. Tr. 323.

## IV. DISCUSSION

Plaintiff raises issues three issues on appeal. First, she contends that the administrative law judge failed to discuss significantly probative evidence that conflicted with his findings. Plaintiff's Opening Brief, 18-22. Second, she claims that the administrative law judge did not present a proper hypothetical question to the vocational expert because it did not include the mental limitations included in the RFC finding. Id. at 23-26. Third, Plaintiff claims that the administrative law judge did not properly evaluate the opinion of Dr. Swink, and gave no specific explanation for his rejection of Dr. Swink's

conclusions.  Id. at 26-30.   The undersigned finds Plaintiff's second claim of error to be dispositive of this appeal.

## A.  HYPOTHETICAL POSED TO THE VOCATIONAL EXPERT

Plaintiff contends that the administrative law judge asked the vocational expert an improper hypothetical, one that did not contain all of the limitations that the administrative law judge included in his own RFC finding.  Plaintiff's Opening Brief, p.24.  She claims that the RFC included the following limitations related to her mental impairment: (1) engaging in routine (occasional through frequent) interactions with coworkers and supervisors; (2) engaging in incidental (less than occasional) interaction with the general public; (3) performing detailed and some complex job instructions; and (4) tolerating up to moderate levels of stress (no managerial or administrative decision making, supervisory duties, or high levels of distress).   Plaintiff's Opening Brief, 24 (citing Tr. 319). She argues that the testimony of the vocational expert cannot constitute substantial evidence supporting the administrative law judge's decision because the hypothetical did not relate all of her impairments with precision.  Id. at 25.

The Commissioner concedes that the administrative law judge's "hypothetical question did not exactly match his residual functional capacity finding...." Commissioner's Brief, 12.  He contends that this Court can nonetheless affirm the denial of benefits at step five for two reasons.  Id.  First, he claims that the jobs identified by the vocational expert were available to an individual with even greater limitations than Plaintiff. More specifically, he argues that because the administrative law judge included a sit/stand option

in the hypothetical that was not ultimately included in the RFC finding, and the jobs identified by the vocational expert were unskilled jobs and the administrative law judge found that Plaintiff could perform semi-skilled work, Plaintiff could perform the jobs identified. Commissioner's Brief, 12. Second, he contends that the "grids," used as a framework, support a finding of not disabled. Id. at 13. He argues that the additional limitations omitted from the hypothetical "have little impact on the administratively noticed unskilled, sedentary occupational base." Id. The undersigned is not persuaded by these arguments.

It is well-established that an administrative law judge's hypothetical question to a vocational expert "must include all (and only) those impairments borne out by the evidentiary record." Evans v. Chater, 55 F. 3d 530, 532 (10th Cir.1995). Hypothetical questions should be crafted carefully to reflect a claimant's residual functional capacity, because "[t]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir.1991). The undersigned agrees with Plaintiff that the administrative law judge's questioning of the vocational expert was flawed, resulting in a step five determination that is not supported by substantial evidence. As noted above, the administrative law judge's RFC finding contained several nonexertional limitations related to Plaintiff's mental impairment. However, at the administrative hearing, the hypothetical to the vocational expert was simply:

When I read [the file] carefully I may or may not find that she can do sedentary

work with a stand and sit option.  If I should make that determination I need to know if that type of job's available in significant numbers.  If there's such thing as three of those, would you give me three of them with the numbers?

Tr. 490.  Although the administrative law judge found that Plaintiff was capable of sedentary work without a sit/stand option, he also found that several nonexertional limitations impeded her ability to do sedentary work. Yet, the administrative law judge failed without explanation to include any of these nonexertional limitations in his brief hypothetical question.  Without testimony addressing the precise limitations set forth in the administrative law judge's own RFC finding, the vocational expert's testimony cannot constitute substantial evidence supporting the decision of nondisability.

In Wiederholt v. Barnhart, No. 03-3251, 121 Fed. Appx. 833 (10th Cir. Feb 08, 2005), the administrative law judge assessed the claimant's mental residual functional capacity as being  "limited to simple, unskilled job tasks."  Id. at 839.[2]  The administrative law judge further found that she had "mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, [and] moderate difficulties in maintaining concentration, persistence, or pace."  Id.  The hypothetical question posed by the administrative law judge included a limitation of "simple, unskilled" tasks.  In response, the vocational expert opined that Mrs. Wiederholt could do unskilled light or sedentary work.  Id.  The administrative law judge adopted this as his finding.  Id.  The Tenth Circuit concluded that the administrative

---

[2]This unpublished disposition is cited as persuasive authority pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

law judge's hypothetical question was insufficient because it did not reflect all of Mrs. Wiederholt's limitations with accuracy. "The relatively broad, unspecified nature of the description 'simple' and 'unskilled' does not adequately incorporate the [administrative law judge's] additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the [administrative law judge] omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed." Id.

Here, the administrative law judge's question was not even as specific as that in Wiederholt, omitting *any* mention of mental limitations. Accordingly, the record is silent as to what effect such limitations would have on Plaintiff's ability to perform the jobs identified by the vocational expert. The Commissioner's contention that the jobs identified by the vocational expert were available to a person with even greater limitations than those found by the administrative law judge is without merit. Although the elimination of the sit/stand option may have made the hypothetical more restrictive with regard to exertional limitations, there is no evidence supporting a conclusion that a person with the nonexertional limitations included in the RFC finding could do any of the three jobs identified by the vocational expert.

The Commissioner's claim that the "additional limitations have little impact on the administratively noticed unskilled, sedentary occupational base" is pure speculation. See Commissioner's Brief, 13. Although the Social Security Administration has created

Medical-Vocational Guidelines,[3] also known as 'the grids," in order to help evaluate the step

five requirement, an administrative law judge is precluded from conclusively relying on the

grids as evidence of non-disability "unless the claimant's RFC precisely matches the RFC

specified for the grid relied upon." Allen v. Barnhart, 357 F.3d 1140, 1143 (10th Cir. 2004).

Thus, where mental restrictions are present, it is legal error for the administrative law judge

to conclusively apply the grids. Id.; see also Hargis, 945 F.2d at 1490 ("[R]esort to the grids

is particularly inappropriate when evaluating nonexertional limitations such as pain and

mental impairments."). Because the vocational testimony in response to the flawed

hypothetical cannot support the step five determination, application of the Medical-

Vocational Guidelines to reach a finding of non-disability is tantamount to a conclusive

application of the grids.  The undersigned therefore recommends that this matter be remanded

to permit the Commissioner to obtain vocational testimony that considers all of the

administrative law judge's findings regarding Plaintiff's limitations.

Because Plaintiff's arguments concerning the administrative law judge's failure to

pose a proper hypothetical to the vocational expert necessitates remand, the undersigned need

not determine Plaintiff's other claims of error, as they may be affected by the administrative

law judge's treatment of the case on remand.  See Watkins v. Barnhart, 350 F.3d 1297, 1299

(10th Cir. 2003).  However, the undersigned notes the obligation of the administrative law

judge to discuss the uncontroverted evidence he chooses not to rely upon, as well as

---

[3] 20 C.F.R. Pt. 404, Subpt. P, App. 2.

significantly probative evidence he rejects. <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-10 (10th Cir. 1996).  An administrative law judge "is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability," <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1083 (10th Cir. 2004), and "may not ignore evidence that does not support his decision, especially when that evidence is significantly probative." <u>Briggs ex rel. Briggs v. Massanari</u>, 248 F.3d 1235, 1239 (10th Cir. 2001) (quotation omitted).  The administrative law judge should also be mindful of the regulations applicable to consideration of the opinions of examining consultative physicians, such as Dr. Swink, and non-examining medical experts, such as Dr. Brady. 20 C.F.R. §§ 404.1527(d)(e)(f); 416.927(d)(e)(f).

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge finds that the administrative law judge's step five determination is not supported by substantial evidence.  Accordingly, it is recommended that the final decision of the Commissioner of Social Security Administration be reversed and that the matter be remanded for further administrative proceedings consistent with this Report and Recommendation.  The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by November 11, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 22nd day of October, 2009.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE